Good morning, Your Honors, and may it please the Court, William Rounds on behalf of the Petitioner, and I'd like to reserve two minutes for rebuttal at the end. Your Honors, this case concerns a young man who was attacked several times in India because of his membership and participation with a political party, the BJP. Following the third attack, he fled the border and then sought asylum and other relief. Essentially, there were two major errors that the immigration judge and the BIA made in this case. First, the immigration judge made an adverse credibility determination, but that determination was not based on substantial evidence. It was essentially because of a lack of corroboration, which the judge did not put the Petitioner on notice of, nor did he give him the opportunity to explain or to produce the evidence required. Then at the BIA, the Petitioner attempted to produce that evidence, the evidence that the immigration judge specifically had looked for, but the BIA then moved the goalpost. They said, oh, there are other conditions as well, therefore we're denying what they considered the motion to remand, when they in fact should have remanded the case back to the immigration judge to consider the new evidence in terms of the adverse credibility. Let me ask you a question. Didn't the IJA give a continuance so that your client would be able to provide corroboration, and then that corroboration wasn't provided? The immigration judge did give a continuance to provide corroboration. The Petitioner then did provide some corroborating evidence, which was a letter from his father, two letters from a doctor in India. However, it wasn't until after the close of the evidence that the immigration judge specifically identified the problems with that evidence and then essentially discounted them and gave them zero weight. So it wasn't until that point that the immigration judge said, if you have other specific evidence, and I think what the immigration judge said was evidence of any attacks on the Petitioner, and then evidence that Congress Party people attacked BJP in general. So those two things, which were the corroborating evidence that the immigration judge was requiring, were not mentioned, were not told to the Petitioner until after the close of evidence. So what that essentially means is for the lack of corroboration that the judge relied on in his adverse credibility determination, there was no notice to the Petitioner until after the close of evidence, which he should have been put on notice and at least had the opportunity to explain it, if not to get more evidence to corroborate, which he eventually was able to get, because that is what he submitted to the BIA, which was evidence corroborating that he had been attacked, other letters from family members that were aware of it, but also that evidence, that there was evidence that BJP members were attacked in India in general. Now, the problem- Right. I think the problem of the BIA and the IJ found is that in this particular area in India, the BJP was a controlling party, right? Right. That, however, goes to the CAT claim, which is much farther downstream than the adverse credibility determination, which is what was at issue here, because with the adverse credibility determination, the elements for the convention against torture claim do not matter yet. The asylum, all the other relief was denied based on the adverse credibility, which the ability to relocate had nothing to do with the adverse credibility. What the BIA did was they took the immigration judge's words of, there's no evidence that the BJP is attacked in general, and they added, in general, but specified the state, which is not what the immigration judge had asked for. But the central finding was there just wasn't any evidence in the record that the members of this party were targeted, right? Correct. And that was the lack of corroboration that the judge found. He said, I hear your testimony. However, there's no evidence in the country reports or the other evidence that was submitted that was given zero weight. Do you have any evidence in any State Department country reports about targeting of BJP members? I'm not aware of that being in the country reports. That would be something outside of the record of the court. However, that is what should be remanded to the immigration judge to determine if there is evidence in any country reports, because there was evidence in at least news articles that were submitted to the BIA as far as the new evidence in the motion to remand. And so I think that with the immigration judge having the opportunity to consider that new evidence, now that the petitioners had notice and an opportunity to provide it, I think that that new evidence could be introduced to the immigration judge, as should be required under the rules of Wren and subsequent cases. And essentially that is what the petitioner is asking for, is asking simply that the case be remanded to the immigration judge to determine the credibility in light of this new evidence now that the petitioner has had notice and an opportunity to provide it. If the immigration judge is then able to look at the evidence and the corroboration and say either way, yes or no, that he was either credible or not credible, that would then affect all of the other relief, because the denial of the asylum and the other relief was based almost entirely on this lack of credibility that was found for the petitioner. If there is other evidence that may be available for the immigration judge that he may need at the end of testimony, again, he would need to put the petitioner on notice and give him an opportunity to either explain why it's not available or to produce that evidence. And even going to the evidence that the judge gave no weight, I think that the judge made a mistake there because there's really no cogent reason for him to have discounted to zero weight the evidence, particularly the letters from the doctor. The judge's reasons for giving that no weight didn't seem to really make much sense. His reasons were, well, it's the same doctor, signed on the same day, but the letters are different. But there's nothing about providing different letters that would necessarily make the case or make the letters have zero weight. It's certainly possible for an individual to write two separate letters and provide them on the same day. So I don't think that the immigration judge was able to articulate cogent reasons for giving those letters no weight. And so I think that the immigration judge probably should have considered those letters anyway. But even if, even assuming, for the sake of argument, that those letters had zero weight, the immigration judge should have given him the opportunity to corroborate with more. And the BIA should have remanded it when they saw that there was more evidence available or even just to give the petitioner the opportunity to get that evidence so that the immigration judge can consider it again. Is that the evidence you then submitted to the BIA? Yes, that would be, there were several articles, newspaper articles that were submitted to the BIA. In addition, there was letters from other family members. But going to the articles from the newspapers that were submitted, those go directly to what the immigration judge had asked for, which is evidence that BJP members are attacked in general. And that's exactly what they showed. They showed bombings and attacks of BJP headquarters and other members of the party. Well, the BIA rejected that evidence because it was available at the time but not timely filed. How do you respond to that? Well, first of all, the petitioner was not given notice or an opportunity to respond to that. But also, that's very, very similar to the case, the facts in the case of Bataray, which was decided by this court in 2016. They had the exact same issue where the evidence that was then submitted to the BIA to corroborate, the BIA denied it in the Bataray case because, well, this evidence was available at the time of the merits hearing, but you didn't submit it. But this court said that that was not sufficient because the petitioner in that case and in this case were not put on notice and given an opportunity to provide that evidence. Do you want to reserve? I would like to. Is that case in your brief? We did provide it in our 28-J letter that was decided after the briefing was completed. Okay. Thank you. Thank you. You may proceed. Good morning. May it please the court, Lindsay Corliss, the respondent. We ask you to deny the petition for review and uphold the agency decision. Now, there are two parts to this claim. First, there's the dismissal of the appeal from the immigration judge's decision and then there's the motion to remand. I'm going to address the dismissal from the appeal from the immigration judge's decision first. This is a post-Real ID Act case, meaning that the agency was permitted to rely on any relevant factor, considering the totality of the circumstances, when determining that the applicant failed to meet his burden to show that he's a credible witness. In this case, the agency relied on the implausibility of his account when compared to the record evidence of relevant country conditions. Now, specifically, the agency found that despite the fact that Petitioner lived in Gujarat, which was controlled by the BJP, that the BJP was the largest electorate group in Gujarat, that there was no record evidence that other members of the BJP were being attacked based on their membership in the BJP in Gujarat, and based on the fact that the BJP controls law and order within their state, the agency found that it was implausible that Petitioner would then have been attacked repeatedly based on his membership in the BJP, and that the police would then detain him, beat him, and threaten to kill him if he didn't leave India and leave the BJP. So, the agency found that that account, in comparison to the record evidence of country conditions, was implausible. Now, Petitioner was given an opportunity to respond to this implausibility. On page 204 to 205, Petitioner mentions that there are so many members of the BJP, and at that point, the immigration judge stops and says, well, that's what I'm trying to understand. Sir, why is anyone interested in you? And at that point, Petitioner responded, because I was covert and I was upcoming in the BJP, around election time, I used to try to break the Congress Party votes. That's why they beat me. Now, the agency addressed Petitioner's response, but found that his excuse for the implausibility was simply not plausible, because there was no record evidence that anyone of any level at the BJP were being attacked based on their party affiliation. I would like to just take a moment to discuss the Petitioner's 28J letter, where he addresses several cases that apply this court's finding in Wren. Wren asks that the applicant be given an opportunity to respond and provide more evidence if the immigration judge requires more corroboration for his account. In Batari, this court said that we should be looking at a two-step process. First, we have to decide whether or not substantial evidence supports another basis for the adverse credibility finding. And at that point, we would ask that the inquiry end. However, if we do get to that second step, and this court does find that the record compels reversal of that implausibility finding, then we would say that while Wren's specific procedure for notifying the alien after testimony, and that they are going to require more corroboration, and then continuing the hearing in order to allow him to supply that extra corroboration, that specific process described in Wren was not followed to the letter in this case. However, I will say that the spirit of allowing the petitioner to know that more corroboration was going to be required and allowing him an opportunity to respond with more corroboration was followed. If you look to page 159 to 160 in the record, petitioner requests additional time to file more documents related to the corroboration of his account of having been attacked three times in India, which the immigration judge then provides. At that point, the immigration judge on page 162 notes to petitioner that there is no evidence other than the country report regarding the background country conditions for his claim and suggests to petitioner's counsel that more evidence should be filed. Then you see on page 163, the immigration judge then issues an explicit warning to petitioner stating that corroboration is required in his case and that it is, even if he were to otherwise produce credible testimony, that a lack of corroboration could result in denial of his claim. So he is given that warning. However, petitioner did not file the additional evidence. Even though after that point, he requested both a motion to extend the filing deadline in order to produce extra evidence, and then he filed a motion to excuse the late filing of his documents, both of which were granted by the immigration judge in order to allow him to corroborate his claim. Finally, after the immigration judge did deny his claim, petitioner did submit additional evidence. However, that evidence simply does not address the basic implausibility of his claim. The affidavits that he filed predated his hearing, so they could have been filed at that point. But the more important point to the implausibility is that the three articles that he proffered with his motion to remand all dealt with circumstances that were irrelevant to his claim. Specifically, he produced two articles that related to Bangalore and West Bengal, neither of which dealt with the conditions in Gujarat, a state that was controlled by the BJP. And then a third article relates to criminal activities committed by drunk men, and there is no indication that they were acting with a political purpose at all. So these three background articles that petitioner ultimately produced did not solve the problem with the fact that there was no evidence in the country conditions that would support his claim. Can I ask you a question, which perhaps I should know the answer, but is there a mechanism to move for rehearing before the IJ, after he issues a decision? They could have asked for reconsideration, or they could have filed, more likely what they would have done would be to file a motion to remand with the board and explain in that why they were unable to produce that evidence before. That's to remand to the board, but is there a procedure where an IJ issues a decision, just as a district court judge does here in the district court, and a party can move for rehearing? Is that a procedure available to move for rehearing before the IJ? I am not aware of that particular motion, but I do know that generally a motion to remand does usually fulfill that function. Well, there could be a motion to reopen based on newly discovered evidence, I expect. Okay. Thank you. I see that I'm almost out of time, so if I may, I will just quickly address the motion to remand. Petitioner did file that additional evidence. Since that evidence was not in the record, the board construed it as a motion to remand, and the board did not abuse its discretion when it found that the evidence that he supported that motion to remand with was insufficient to remand to the immigration judge. Specifically, the affidavits that Petitioner filed did predate his hearing. Now, that wouldn't in and of itself be enough to doom his claim had he provided sufficient explanation for why they weren't filed. He did not claim an effective assistance of counsel or claim that they were unavailable for some reason, even though they had been already written. So he provided no explanation for why they were not filed, and therefore it was proper for the board to find that they were insufficient. And furthermore, as I stated, the other articles that he did submit were not sufficient because they were not material to his claim because they didn't deal with the state of Gujarat, which is controlled by the party that he is a member of. Let me just try to get this clear. On the motion to remand, the evidence submitted there, I know it wasn't timely in the sense that it could have been submitted earlier, but did the board also determine on the merits that that evidence would not have warranted any change in its position? It did not. They didn't say anything about the whether — I'm sorry, I'm over time. No, no, that's all right. They didn't specifically analyze whether or not it was material to his claim. However, I will state that that evidence did not relate to the background country conditions, and the reason why the immigration judge had denied the claim was not because there was no evidence in the record, you know, of his having had these experiences, because indeed he testified that he had those experiences. What the immigration judge denied the claim for was that it was implausible in light of the country conditions information, and where those affidavits didn't specifically address the country conditions information, they also wouldn't be enough to reverse the immigration judge's decision. However, the board did find that those affidavits were not previously unavailable, and that was the reason why the immigration — why the board did not remand based on those affidavits. Thank you, counsel. Thank you. We'll hear a rebuttal. Thank you, Your Honors. Opposing counsel did mention that the specific process in Wren was not followed in this case, and I think that's a problem, because Wren and the subsequent cases identify the specific process and demand that, that the individual be given notice and an opportunity to respond. So he had notice when he got the I.J.'s opinion. Did he move to reopen before the I.J.? That was essentially what the motion to remand, at least — Well, there was never a motion to remand. It was not technically a motion. No, no. I mean, he just submitted documents to the BIA. There was never a motion filed, right? Correct. But the BIA did correctly determine that, too, and consider it as if it was a motion to remand, because at that point, the case was still pending, and so that was the only way to alert the BIA to the new evidence and with the possibility of remanding to the I.J. It wouldn't be until after proceedings are done to do a motion to reopen. But in any event, the petitioner in this case did what he could to alert the BIA to the issues, and the BIA ignored it and denied his motion. What they should have done is granted the motion, allowed the immigration judge to listen to the new evidence, to give the petitioner opportunity to explain any other missing evidence, and then make his decision after the petitioner had had that opportunity. But as to the general question about whether or not this party was targeted, all you have are the two newspaper articles, right? At this point, yes. And there may be more testimony — And how do you respond to the fact that one of them just looks like a random incident and the other one didn't happen in the same area of the country? Well, those — the random incident may or may not have much weight. However, the other two would have more weight. And the fact that they didn't happen in the petitioner's state — But one of them is just about vandalism. That was retaliation for treatment by one of the Congress Party members, right? Right. But that would still be evidence that BJP members are attacked or subject to attack. And whether it's within his state or not, it would be the evidence that BJP members are attacked in general, which is what the immigration judge had asked for or had mentioned was lacking in his opinion. I think Judge Reinhart had a question. No. Oh, he didn't? Okay. Anything further? Thank you, counsel. Nothing else, Your Honor. Thank you. The case, as heard, will be submitted for decision.
judges: Reinhardt, Thomas, Korman